UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

                              **SENTENCE MEMORANDUM**

      v.                              Criminal No. 22- CR- 425 ()

KENNETH KOEGEL,

                Defendant.

Defendant KENNETH KOEGEL submits this Sentence Memorandum in support of issues that will be raised at the time of his sentence, scheduled for March 5, 2025.

## FACTUAL BACKGROUND

On October 15, 2024 pursuant to a written plea agreement, Kenneth Koegel entered a guilty plea pursuant to Rule 11(c)(1)(C) on seven counts of sexual exploitation of a child pursuant to 18 U.S.C. § 2251(a); one count of a commission of a felony offense involving a minor by a registered sex offender pursuant to 18 U.S.C. § 2260A; one count of distribution of child pornography pursuant to 18 U.S.C. § 2252A(a)(2)(A); and one count of receipt of child pornography pursuant to 18 U.S.C. § 2252A(a)(2)(A).

Pursuant to the plea agreement there was an agreed-upon disposition pursuant to Fed. R. Crim. P. 11 (c)(l)(C), the Government and the defendant agreed that a term of imprisonment of not less than 420 months and not more than 600 months, a term of

supervised release for life, and a fine, restitution, and special assessments all consistent with the terms of this Agreement and applicable law was the appropriate disposition of this case (hereinafter referred to as "the agreed-upon disposition"). The United States Attorney's Office and the Defendant agree that, to he extent the agreed-upon disposition departs from the applicable sentencing guidelines range, that departure would be made for justifiable reasons under U.S.S.G. § 6Bl.2(c)(2). In particular, the specified sentence is reasonable and appropriate under the unique combination of facts and circumstances relating to the defendant, the offense of conviction, and related relevant conduct.

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

The Defendant Kenneth Koegel agrees with most facts, the criminal history calculation, the statutory sentencing parameters, and guideline recommendation in the initial Presentence Investigation Report filed on January 31, 2025, updated on February 18, 2025. The Defendant Kenneth Koegel made some factual corrections and additions that were not objected to by the Government. The Defendant Kenneth Koegel denied the conversation with the jail house witness in paragraph 82 of the Presentence report. However, it was pointed out by U.S. Probation that it did not effect the outcome of the case or any calculation, and therefore the statement can stand, noting the denial in this memorandum, and no Hearing is requested by the Defendant Kenneth Koegel on the issue. These minor changes have been reflected in the Presentence report dated February 18, 2025. As a result of the crimes of conviction, the Criminal History for the Defendant Kenneth Koegel is V and the total offense level is 43, and the guideline sentence of imprisonment is life.

**SENTENCE FACTORS**

That the factors to be considered in imposing a sentence are contained in 18 U.S.C. §3553 (a). These factors include the nature and circumstances of the offense, and the history and characteristics of the Defendant. Also, the need for the sentence to reflect the seriousness of the offense, respect for the law, and just punishment. In addition, the sentence should afford deterrence to criminal conduct, protection for the public from further crimes of the Defendant, and the appropriate correctional setting for the Defendant. In making its determination herein, this Court should consider, among other things, the following:

As set forth above, the Pre Sentence Report was initially disclosed to the parties on January 31, 2025, and an updated final report reflecting minor changes was made on February 18, 2025. Also, there is a written plea agreement in this case pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Pursuant to the terms of the plea agreement, the Government and the Defendant Kenneth Koegel agreed that a term of imprisonment of not less than 420 months and not more than 600 months, a term of supervised release for life, and a fine, restitution, and special assessments all consistent with the terms of this Agreement and applicable law was a just sentence. The Government agreed to recommend a total three-level downward adjustment pursuant to U.S.S.G. §3E1.1 and §3E1.1(b) for acceptance of responsibility.

Kenneth Koegel waived any and all rights to appeal and/or to collaterally attack the following:

The Defendant waived any and all rights, including those conferred by 18 U.S.C.

§3742 and/or 28 U.S.C. §§ 2241 and 2255, to appeal and/or to collaterally attack the following (except that the defendant does not waive the right to raise a claim based on alleged ineffective assistance of counsel):

a) The convictions resulting from the defendant's guilty plea;

b) Any claim that the statutes to which the defendant is pleading guilty is unconstitutional;

c) Any claim that the admitted conduct does not fall within the scope of the statute;

d) Any sentence consistent with the agreed-upon disposition described above or any less severe sentence.

e) Any condition of supervised release on any ground that the defendant did not raise in the district court despite both (i) notice in the presentence investigation report that the Probation Office had recommended the condition and (ii) an opportunity to object in the District Court.

The Defendant also waives his right to make a motion under 18 U.S.C. § 3582(c)(2) for a modification or reduction in his sentence as a result of a later amendment to one or more federal sentencing guidelines provisions that have the effect of lowering a sentencing guidelines range unless (a) any such amendment is made retroactive by the Sentencing Commission; and (b) this agreement *expressly* provides that the agreed-upon sentence is based on the sentencing range that is subsequently lowered.

There are factors and information contained in the Presentence Report that may warrant a consideration for a sentence at the lower end of the agreed upon sentence range.

Kenneth Koegal has been is custody since October 19, 2022. He has no disciplinary

record. In paragraph 72 there is no information indicating Kenneth Koegel impeded or obstructed justice. Kenneth Koegel is 40 years old. At paragraph 108 the following was reported:

> The Defendant reports the following information about his childhood: His parents were nurturing and took care of him and his sister in a structured household. His paternal grandfather was a Master Sergeant in the U.S. Army, and his father raised him in much the same way he (his father) was raised. He had a great childhood and recalls he played in parks a lot and went camping with his family. He does not report any history of domestic violence nor substance abuse or mental health issues in his family of origin. According to the defendant, he was sexually abused by a counselor at school "almost daily" for approximately one year when he was seven or eight years old. When he was approximately nine or ten years old, he was sexually abused once by an older kid. He did not tell anyone about either of his abusers until he was in his early 20s, when he told his parents. He dropped out of school during his 10th grade year after he was suspended.

On February 10, 2025, the following was provided to the U.S. Probation

> This statement was typed by Stephen Lance Cimino, however the content was from Kenneth Koegel discussed in two Teams conferences.

> No words can describe the horror I created, and a million I'm sorry doesn't say enough. I have no explanation for why I engaged in this conduct. As was pointed out in paragraph 108, of the PSR, there was a considerable period in his childhood that he was sexually abused. This was never reported until he was in his 20s, when he told his parents.

He is hopeful that he can receive through the Bureau of Prisons the psychiatric counseling and treatment that he needs to come to peace with himself and understand how the abused became the abuser. Perhaps then he can reach out and apologize again.

The following was reported by Cambridge University on January 2, 2018.

**Background**

There is widespread belief in a 'cycle' of child sexual abuse, but little empirical evidence for this belief.

**Aims**

To identify perpetrators of such abuse who had been victims of paedophilia and/or incest, in order to: ascertain whether subjects who had been victims become perpetrators of such abuse; compare characteristics of those who had and had not been victims; and review psycho dynamic ideas thought to underlie the behaviour of perpetrators.

**Method**

Retrospective clinical case note review of 843 subjects attending a specialist forensic psychotherapy centre.

**Results**

Among 747 males the risk of being a perpetrator was positively correlated with reported sexual abuse victim experiences. The overall rate of having been a victim was 35% for perpetrators and 11 % for non-perpetrators. Of the 96 females, 43% had been victims but only one was a perpetrator. A high percentage of male subjects abused in childhood by a

female relative became perpetrators. Having been a victim was a strong predictor of becoming a perpetrator, as was an index of parental loss in childhood.

**Conclusions**

The data support the notion of a victim-to-victimizer cycle in a minority of male perpetrators but not among the female victims studied. Sexual abuse by a female in childhood may be a risk factor for a cycle of abuse in males.

In 1983, Dr. Roland Summit wrote about Child Sexual Abuse Accommodation Syndrome (hereinafter CSAAS) which is an explanation of some of the most typical and common behaviors that are seen occurring in children, child victims, children that have been sexually abused." It is not a diagnosis. The behaviors are secrecy, helplessness, entrapment and accommodation, delayed conflicted and delayed disclosure, and retraction or recantation.

Given this information and the age of the Defendant Kenneth Koegel, a sentence of 420 months is respectfully requested.

## CRIMINAL HISTORY COMPUTATION

As set forth above, Kenneth Koegel's Criminal History category is V.

## GUIDELINE PROVISIONS

Based upon a total offense level of 43 and a criminal history category of V, the advisory guideline imprisonment range is life.

This sentence request is the result of a careful analysis of §3553 (a) factors, which

are now are the driving force for sentencing. The Pre Sentence Report clearly demonstrates at paragraph 108 the victimization of Kenneth Koegel in his early life, and this request will allow this Court to impose a sentence that is "sufficient but not greater than necessary" to achieve the goals of sentencing. The Bureau of Prisons can provide the forensic evaluation and treatment that the Defendant Kenneth Koegel desperately needs.

The Defendant Kenneth Koegel asked his father to write a letter of support, he (father) did not want to get involved. Kenneth Koegel has no one to write such a letter.

There are special assessments, restitution, a Child Pornography assessment, and additional special assessments. The Defendant Kenneth Koegel is beyond destitute. His father gives him $20.00 a month for commissary. He has no assets or income. If he is entitled to any Social Security benefits 22 years from now, it can be used to pay these obligations.

## ROLE OF THE COURT

Prior, and well before the landmark decision in *Booker* and its progeny, in *United States v. Williams*, 65 F.3d 301 (2nd Cir. 1995), it was stated: "We wish to emphasize that the Sentencing Guidelines do not displace the traditional role of the district court in bringing compassion and common sense to the sentencing process, in areas where the Sentencing Commission has not spoken, district courts should not hesitate to use their discretion in devising sentences that provide individualized justice" *Id*. 309-310. Under the post-*Booker* advisory Sentencing Guidelines regime, while the sentencing judge must give respectful consideration to the Guidelines as one of an array of factors warranting consideration, the sentencing judge also has discretion to determine in a particular case, a within guidelines

sentence is "greater than necessary" to serve the objectives of sentencing. *United States v. Regalado*, 518 F. 3d 143 (2nd Cir. 2008). The requested sentence is "sufficient but not greater than necessary" to punish Kenneth Koegel for the crimes for which he stands convicted, and awaits sentence by this Court.

Dated: February 19, 2025

                                        Respectfully submitted,

                                        *Stephen Lance Cimino*

                                        STEPHEN LANCE CIMINO
                                        Attorney for Defendant
                                        Kenneth Koegel
                                        Bar Roll No. 301060
                                        Office and PO Address:
                                        247 West Fayette Street, Suite 315
                                        Syracuse, New York 13202-2200
                                        email: ciminolaw@msn.com